UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| YOGENDRA KOMAL, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 5:25-cv-158-KDB |
| ) | |
| CAPITAL ONE, N.A., SUCCESSOR BY ) | |
| MERGER TO CAPITAL ONE, N.A.,, ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Yogendra Komal, and his Complaint against Defendant, CAPITAL ONE, N.A., ("CAPITAL ONE") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

2. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Plaintiff resides in this district, and Defendant regularly conducts business within this district.

## STANDING

3. Plaintiff has a congressionally defined right to have accurate information reported to credit reporting agencies.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats. Defendant' credit reporting and/or failure to properly dispute information violated the FCRA.

5. Defendant' reporting and handling of Plaintiff's credit information violated the FCRA.

6. The Eleventh Circuit in Pedro v. Equifax, Inc., 868 F.3d 1275 (11th Cir. 2017), established that the failure to correct inaccurate credit reporting gives rise to standing under the FCRA.

7. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

8. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

9. Plaintiff, Yogendra Komal (hereafter "Plaintiff"), is a natural person currently residing in Denver, North Carolina

10. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

11. Defendant CAPITAL ONE is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C § 1681s-2(b).

12. CAPITAL ONE is licensed to do business in the state of North Carolina with a principal place of business located in the State of Illinois.

## FACTUAL ALLEGATIONS

13. Sometime in March of 20225 CAPITAL ONE, N.A., sued the Plaintiff in State Court for an unpaid debt.

14. Plaintiff submitted his answer in defense of the lawsuit denying all allegations.

15. On or about May 21st, 2025, Plaintiff disputed inaccuracies and status related to his CAPITAL ONE account.

16. Each inaccuracy was detailed and highlighted for the Defendant to investigate. *See Exhibit A*

17. The reporting of the debt contain an inaccurate balance.

18. The reporting of the debt contain an inaccurate status.

19. The reporting of the debts contain inaccurate delinquency information.

20. The reporting of the debts contain inaccurate dispute information.

21. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

22. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

23. The Plaintiff is in the process of buying a home and this inaccurate reporting is hindering his chances of being approved.

24. TransUnion received the dispute sent by Plaintiff on May 24th, 2025.

25. TransUnion transmitted notice of this dispute to CAPITAL ONE via an Automated Credit Dispute Verification form ("ACDV").
26. CAPITAL ONE was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.
27. After receiving this notice, in any subsequent voluntary reporting, CAPITAL ONE must then include the dispute notation on said account.
28. On June 12th, 2025, TransUnion generated dispute results under report number 402199567
29. That the credit report was verified as accurate and updated.
30. The updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TransUnion, and transmitted to CAPITAL ONE.
31. CAPITAL ONE failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the information.
32. CAPITAL ONE must have voluntarily updated the Plaintiff's account by communicating with TransUnion.
33. CAPITAL ONE furnished information to TransUnion regarding Plaintiff's account without notifying them that the account had been disputed by consumer, even after receiving notice by TransUnion of the dispute.
34. CAPITAL ONE furnished information that the dispute was resolved even though there is a Active Lawsuit in state court where Plaintiff has denied owing them. *See Exhibit B*
35. That CAPITAL ONE failed to update the account information and mark the account as disputed on the updated 06/12/2024 credit report after Plaintiff disputed the account and was given notice of such by TransUnion.

36. CAPITAL ONE never properly updated the account information or marked the account as disputed even after receiving information of the dispute from TransUnion.

37. All of Defendant's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

38. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices by CAPITAL ONE.

39. Plaintiff suffered actual harm by being the target of inaccurate credit reporting by CAPITAL ONE.

40. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by CAPITAL ONE.

41. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security.

42. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of CAPITAL ONE.

43. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

## CAUSES OF ACTION

### Count I: Violation of 15 U.S.C. § 1681s-2(b) - Duties of Furnishers of Information

44. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

45. Defendant CAPITAL ONE violated 15 USC § 1681s-2(b) by continuing to report

the CAPITAL ONE representation within Plaintiff's credit file with TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the CAPITAL ONE representation; by failing to review all relevant information regarding same; by failing to accurately respond to CAPITAL ONE; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CAPITAL ONE representations to the consumer reporting agencies.

46. As a result of this conduct, action, and inaction of CAPITAL ONE, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional plain, anguish, humiliation, and embarrassment of credit denials.

47. Defendant's CAPITAL ONE's conduct, action, and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. IN the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC § 1681o.

48. Plaintiff is entitled to recover costs and fees from CAPITAL ONE in an amount to be determined by the Court pursuant to 15 USC § 1681n and § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Yogendra Komal prays that this Court:

A. Declare that CAPITAL ONE's credit reporting actions violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq;

B. Award actual damages, punitive damages, attorneys' fees, and costs pursuant to 15

U.S.C. § 1681n;

C. Alternatively, award actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o;

D. Grant such other and further relief as the Court deems just and proper; and

E. Grant other such further relief as deemed just and proper.

Dated: 09/15/2025

Respectfully submitted,

/s/Yogendra Komal
**YOGENDRA KOMAL**
1534 Spruce Lane
Denver, NC 28037
Katmj9@yahoo.com
(954) 242-3622